# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

**DENNIS TURNER,**
      **Plaintiff,**

**v.**                                                             **CIVIL ACTION NO. 17-12283-WGY**

**GOVERNOR CHARLIE BAKER**
**MIKE WARE, CAVKIL BROMFIELD,**
**JAY WHITE, and ATTORNEY GENERAL**
**MAURA HEALEY,**

      **Defendants.**

## MEMORANDUM AND ORDER

**YOUNG, D.J.**

For the reasons stated below, the Court will allow the motion for leave to proceed *in forma pauperis*, allow plaintiff's motion to amend the complaint, dismiss the action *sua sponte*, and deny the motions for appointment of *pro bono* counsel as moot.

## I.  Background

On November 28, 2017, pro se plaintiff Dennis Turner filed a complaint against defendants Mike Ware (private security firm owner), Cavkil Bromfield (private security guard), Jay White (Burger King franchise owner), Attorney General Maura Healey and Governor Charlie Baker. Currently pending before the Court are a motion to proceed *in forma pauperis*, two motions for for the appointment of *pro bono* counsel, and a motion to amend the complaint.

The proposed amended complaint is virtually identical to the original complaint. Turner alleges that on February 12, 2017 he was a homeless person looking to warm up at a Burger King in Boston. He claims that he did not have any money to purchase food or drink at the Burger King and was forcibly removed by defendant Bromfield. Upon his removal, MBTA Police arrested him

on allegedly false statements made by Bromfield that Turner had spit on him. Turner was taken to a Boston Police station and made to wait in the transport until he could be processed by the Boston Police. At some point, MBTA officers released Turner apparently without being processed. Although plaintiff claims that this incident is an example of "police abuse," he has not sued any of the police officers.

Three months later, on May 18, 2017, Tuner was arrested on a warrant concerning the assault after being stopped by local police in Chelsea, Massachusetts. After several court appearances at which Bromfield did not appear, the charges were dismissed. Turner was assessed a court fee of $150, and was permitted to perform 15 hours of community service in lieu of payment of the fee. Turner chose to perform community service. Turner seeks only monetary relief against the defendants.

## II. Discussion

### A. Plaintiff's Motion to Proceed in forma pauperis

Plaintiff's motion to proceed *in forma pauperis* (ECF No. 7) is meritorious and it is hereby allowed.

### B. Plaintiff's Motion for Leave to Amend the Complaint

Plaintiff's motion for leave to file an amended complaint (ECF No. 8) is hereby allowed. Plaintiff may amend his complaint once as a matter of course without leave of court. See. Fed. R. Civ. P. 15(a)(1). Accordingly, the motion to amend is allowed, and the proposed Amended Complaint, ECF No. 8-1, will be docketed by the Clerk as the operative pleading.

### C. Preliminary Screening of the Amended Complaint

Because plaintiff is proceeding *in forma pauperis*, his amended complaint is subject to

screening pursuant to 28 U.S.C. § 1915(e). In connection with this preliminary screening, plaintiff's *pro se* Amended Complaint is construed generously. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000).

### 1. Eleventh Amendment Immunity Bars Official Capacity Monetary Damages Claims Under 42 U.S.C. § 1983 Against Baker and Healey.

Turner's claims for monetary damages against Charlie Baker and Maura Healey in their official capacities fails to state a claim upon which relief can be granted because of Eleventh Amendment Immunity, and under 42 U.S.C. §1983. "'[A] suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment'" to the United States Constitution. Davidson v. Howe, 749 F.3d 21, 27 (1st Cir. 2014)(quoting Edelman v. Jordan, 415 U.S. 651, 663 (1974). "This is true whether the named defendant is the state itself or, as here, a state official in her official capacity." Id. Such claims additionally fail because government officials in their official capacity are not "persons" for purposes of 42 U.S.C. §1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) (although state officials are literally persons, a suit against a state official in his official capacity is not a suit against the official but rather is a suit against the official's office). Accordingly, claims against Charlie Baker and Maura Healey in their official capacities for monetary damages are not cognizable.

### 2. Individual Capacity Claims Against Baker and Healey Fail

The Eleventh Amendment does not bar personal capacity claims. Turner claims Baker and Healey are responsible for "slavery" in their role as overseeing the criminal justice system of

the Commonwealth because the Boston Municipal Court required Turner to perform fifteen hours of community service in lieu of payment of a $150 indigent counsel fee under threats of continued litigation and incarceration. Turner claims that Baker and Healey knowingly facilitate a criminal justice system that purportedly forces defendants not convicted of crimes to pay or engage in slavery to pay off court costs. Turner claims this also violates minimum wage laws. Baker and Healey are not alleged to have directly participated in the alleged imposition of fees, but rather Turner's claim appears to be seeking liability based on their perceived supervisory position over the Boston Municipal Court's actions.

"It is well-established that 'only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable' " under § 1983. Velez-Rivera v. Agosto-Alicea, 437 F.3d 145, 156 (1st Cir. 2006) (quoting Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005)). In the absence of personal involvement, a supervisor is liable for the acts of a subordinate only if (1) the subordinate's behavior results in a constitutional violation, and (2) the supervisor's action was "affirmatively linked" to the behavior only in the sense that it could be characterized as supervisory encouragement, condonation, or acquiescence or gross negligence amounting to deliberate indifference. Hegarty v. Somerset County, 53 F.3d 1367, 1379-1380 (1st Cir. 1995).

Here, neither requirement is satisfied. First, the Boston Municipal Court is not a "subordinate" of Baker or Healey because under Article XXX of the Massachusetts Constitution, the Judiciary Branch is separate from the Executive Branch. Mass. Const. Pt. 1, art. XXX. Second, even assuming *arguendo* that the Massachusetts fee recoupment statute, Mass. Gen. L.

ch. 211D, § 2A,[1] violates the Thirteenth Amendment, contra Fuller v. Oregon, 417 U.S. 40, 53-54 (1974) (recoupment fee statutes constitutionally permissible); Opinion of the Justices, 121 N.H. 531, 540 (1981)(stating fee recoupment "statute requiring a convicted defendant who is unable to reimburse the State…by performing uncompensated labor…would be proscribed by the thirteenth amendment. …If made optional, however, there would be no constitutional infirmity in permitting the recipient of counsel at State expense, who later becomes able to pay, to work rather than pay."), there are no well-pleaded, non-conclusory factual allegations that Baker or Healey was personally involved in, aware of, or deliberately indifferent to, any of the actions of some other subordinate complained of in the amended complaint. Turner's claims for monetary damages against defendants Charlie Baker and Maura Healey as "supervisors" of the

---

[1] Turner does not identify the statutory basis for the imposition of this cost, but the assessment appears to be governed by Mass. Gen. L. ch. 211D, § 2A(f) and (g), which provide in pertinent part:
> (f) A person provided counsel under this chapter shall be assessed a counsel fee of $150, which the court may waive only upon a determination from officer's data verification process that the person is unable to pay such $150 within 180 days. If, upon the biannual reassessment of the person's indigency, the court concludes that the person is able to pay the $150 counsel fee of which the person obtained a waiver, the court shall revoke the waiver and reimpose the $150 counsel fee….(g) The court may authorize a person for whom counsel was appointed to perform community service in lieu of payment of the counsel fee. A person seeking to work off a counsel fee in community service shall perform 10 hours of community service, in a community service program administered by the administrative office of the trial court, for each $100 owed in legal counsel fees, which may be prorated.

5

Boston Municipal Court, or perhaps the Massachusetts criminal justice system more generally, fail to state a claim upon which relief may be granted for monetary damages.

### 3. The Court is without Subject Matter Jurisdiction over Claims against Mike Ware, Cavkil Bromfield, and Jay White.

Pursuant to 42 U.S.C. § 1983, a civil rights claim may be brought "against any person who, while acting under color of state law, violates another person's federally assured constitutional or statutory rights." McKenney v. Mangino, 873 F.3d 75, 79 (1st Cir. 2017)(citing Kalina v. Fletcher, 522 U.S. 118, 123(1997). Defendants Mike Ware, Cavkil Bromfield, are alleged to be owner of, or employed by, a private security firm and no plausible facts are alleged to indicate that they are state actors for purposes of 42 U.S.C. §1983. See Strahan v. AT&T Mobility LLC, 270 F. Supp. 3d 535 (D. Mass. 2017)(holding mall-owner and off-duty police officer employed by mall as security that arrested plaintiff not a state actor for purposes of §1983). Jay White is alleged to be an owner of a private business, and no plausible allegations constituting state actor status is alleged. Id. No other federal claims are apparent, and diversity jurisdiction is not alleged, or apparent, under 28 U.S.C. §1331. Accordingly, the Court has no subject matter jurisdiction over these defendants.

### 4. The Court Declines to Exercise Supplemental Jurisdiction.

The Court, having dismissed all claims over which it has original jurisdiction under 28 U.S.C. 1331, declines to exercise supplemental jurisdiction under all remaining claims, if any. See 28 U.S.C. §1367(c).

### D. Plaintiff's Motions for Appointment of Counsel

Plaintiff's motions for appointment of pro bono counsel (ECF Nos. 4 and 9) are each moot

6

in light of the Court's dismissal of this action.

III. **Conclusion and Order**

For the aforementioned reasons, it is hereby Ordered:

1. Turner's motion to proceed *in forma pauperis* (ECF No. 7) is hereby ALLOWED.

2. Turner's motion to amend the complaint (ECF No. 8) is hereby ALLOWED and the Clerk is directed to docket ECF No. 8-1 as the Amended Complaint.

3. Turner's official capacity monetary damages claims against defendants Charlie Baker and Maura Healey over which this Court has original jurisdiction under 28 U.S.C. § 1331 are hereby DISMISSED with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(iii) for seeking monetary relief against defendants who are immune from such relief.

4. Turner's personal capacity, monetary damages claims against defendants Charlie Baker and Maura Healey over which this Court has original jurisdiction under 28 U.S.C. § 1331 are hereby DISMISSED without prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state claim upon which relief may be granted.

5. Turner's claims monetary damages claims against defendants, Mike Ware, Cavkil Bromfield and Jay White over which this Court has no subject matter jurisdiction under 28 U.S.C. §1331 are hereby DISMISSED without prejudice for lack of subject matter jurisdiction.

6. Turner's motions for appointment of counsel (ECF Nos. 4 and 9) are each DENIED as MOOT.

7. The Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. §1367(c).

8. The Clerk is directed to enter an order of dismissal.

**SO ORDERED.**

DATED: April 18, 2018

WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE